Law Office of Paul N. Cisternino, P.C.
*Attorneys for Plaintiff*
16 Briarbrook Road, Ossining, NY 10562
(914) 330-1527
*paulcist@justice.com*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
GLORIA VILLADA,

               Plaintiff,

    -against-

WHOLE FOODS MARKET GROUP INC.,

               Defendant.
-------------------------------------------------------x

VERIFIED COMPLAINT
AND JURY TRIAL DEMAND

INDEX NO. 08 CIV. 7594

ASSIGNED JUDGE: JUDGE KARAS

Plaintiff, Gloria Villada, by and through her attorney, Paul N. Cisternino, as and for her verified complaint, alleges as follows:

### INTRODUCTION

1. This is an action against the defendant for the violation of plaintiff's federally guaranteed constitutional and civil rights and her rights as otherwise guaranteed under law.

2. Plaintiff seeks monetary compensation and other damages for the wrongful, illegal and unconstitutional acts of the defendant which violated rights guaranteed to the plaintiff under various federal and state laws, specifically the Americans With Disabilities Act of 1990 and the New York State Human Rights Law, New York Executive Law §290 *et seq*.

3. Plaintiff alleges herein that she was subjected to discrimination, denied the equal terms, conditions and privileges of employment, and terminated based on disability.

## JURISDICTION AND VENUE

4. The jurisdiction of this Honorable Court is invoked pursuant to and under 28 U.S.C. §§ 1331, 1343 and 1367.

5. The unlawful acts alleged herein were committed in whole or in part in the Southern District of New York.

## ADMINISTRATIVE PROCEEDINGS

6. Plaintiff has satisfied all procedural requirements prior to commencing this action in that she timely filed charges of discrimination with the United States Equal Employment Opportunity Commission and her complaint was dual filed with the New York State Division of Human Rights. Plaintiff requested and received a written dismissal from the Commission; the instant complaint has been filed within ninety days receipt thereof.

## PARTIES

7. At all times relevant herein plaintiff resided within the State of New York.

8. Upon information and belief the defendant is an "employer" within the meaning of 42 U.S.C. §2000 *et seq* and New York Executive Law §290 *et seq*.

2

## ALLEGATIONS

9. Plaintiff hereby repeats and realleges each allegation contained in paragraphs "1" through "8" as if fully set forth herein.

10. Plaintiff had been employed by the defendant since June 2005.

11. During her period of service to the defendant, plaintiff has always performed her job duties in a competent and professional manner, and, except when dealing with her medical issues, has maintained good time and attendance.

12. During 2006, plaintiff injured her back while lifting a box of apples, causing her to miss approximately three months of work.

13. Plaintiff returned to work with the understanding that she would do so only if she wouldn't have to lift any heavy items, an accommodation to which defendant allegedly agreed.

14. However, this accommodation was subsequently not honored by the defendant and the plaintiff was again forced to lift heavy items.

15. On or about August 4, 2007, plaintiff re-injured her back while lifting a black traction mat, requiring her to go to the White Plains Hospital emergency room.

16. This re-injury caused plaintiff to miss approximately three months of work.

17. Although she inquired with the defendant regarding a light duty assignment, plaintiff was never allowed by them to return to work.

18. On or about October 24, 2007, the plaintiff's attorney sent the defendant a letter seeking an explanation as to plaintiff's work status, however, defendant never responded to this inquiry.

19. This injury also necessitated plaintiff having to apply for Worker's Compensation benefits.

20. While working, the plaintiff was making approximately $11.00 per hour in a 40 hour workweek.

21. Since her separation from the defendant, the plaintiff has been unable to obtain suitable replacement employment.

22. Upon information and belief, the defendant does not maintain an office or mechanism for the reporting of discrimination or other similar complaints nor do they possess or distribute to employees a formal, written anti-discrimination policy.

23. As a result of defendant's discriminatory actions towards her, in addition to the loss of employment and the accompanying income and benefits, plaintiff has suffered severe anxiety, pain, humiliation, stress and embarrassment.

### AS AND FOR A FIRST CAUSE OF ACTION BASED ON DISABILITY UNDER THE AMERICANS WITH DISABILITIES ACT OF 1990

24. The plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "23" as though fully set forth herein.

25. By engaging in the foregoing conduct, defendant has violated plaintiff's rights under the ADA in that plaintiff was disparately treated and terminated based on disability.

26. As herein described, the defendant acted intentionally, with malice, or with reckless disregard for plaintiff's rights, proximately causing plaintiff mental anguish, conscious pain and suffering, emotional distress, and the loss of income and other related benefits, thereby entitling plaintiff to an award of compensatory and punitive damages and an award of reasonable attorney's fees.

### AS AND FOR A SECOND CAUSE OF ACTION BASED ON DISABILITY UNDER THE NEW YORK EXECUTIVE LAW §290

27. The plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "26" as though fully set forth herein.

28. By engaging in the foregoing conduct, defendant has violated plaintiff's rights under the State Human Rights Law in that plaintiff was disparately treated and terminated based on disability.

29. As herein described, the defendant acted intentionally, with malice, or with reckless disregard for plaintiff's rights, proximately causing plaintiff mental anguish, conscious pain and suffering, emotional distress, and the loss of income and other related benefits, thereby entitling plaintiff to an award of compensatory damages.

## PRAYER FOR RELIEF

**WHEREFORE,** plaintiff Gloria Villada respectfully requests that this Court assume jurisdiction herein and thereafter:

1. Award plaintiff appropriate compensatory and punitive damages in an amount to be defined and determined;

2. Award reasonable attorney's fees and the costs of this action;

3. Award such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a jury trial for all claims stated herein.

Dated: Ossining, New York
August 26, 2008

Respectfully submitted,

Law Office of Paul N. Cisternino, P.C.
*Attorneys for Plaintiff*

_____
Paul N. Cisternino (PC-0317)

## VERIFICATION

STATE OF NEW YORK          )
                           ) SS:
COUNTY OF WESTCHESTER      )

GLORIA VILLADA, being duly sworn, deposes and says:

I am the plaintiff herein. I have read the foregoing and know the contents thereof; the same is true of my own knowledge except as to the matters stated on information and belief; as to those matters, I believe the same to be true.

_____
GLORIA VILLADA

PAUL N. CISTERNINO, ESQ.
Notary Public, State of New York
No. 02CI6020471
Qualified in Westchester County
Commission Expires 3/1/11

Subscribed and sworn to before me this
27th day of August 2008.

_____
Notary Public

7